Judges Copy

FILED
DES MOINES, IOWA

00 MAR 24 PM 3: 46

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| PIONEER HI-BRED INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 4-99-CV-90666 |
| | ) | |
| DEKALB GENETICS CORPORATION and | ) | Judge Robert W. Pratt |
| THE MONSANTO COMPANY, and | ) | |
| NOVARTIS SEEDS, INC. | ) | **MONSANTO'S ANSWER TO** |
| | ) | **PIONEER'S FIRST AMENDED** |
| Defendants. | ) | **COMPLAINT** |

---

Defendant The Monsanto Company ("Defendant") answers the First Amended Complaint

of Plaintiff Pioneer Hi-Bred International, Inc. ("Pioneer") as follows:

## NATURE OF ACTION

1.      Defendant admits that Pioneer has alleged various causes of action as stated in

Paragraph 1 of the First Amended Complaint.  Defendant denies the remaining allegations

contained in Paragraph 1.

## THE PARTIES

2.      Defendant admits that Plaintiff Pioneer is an Iowa corporation with a stated place

of business at 400 Locust Street, Des Moines, Iowa.  Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 2.

3.      Defendant Monsanto admits that DEKALB is a corporation organized and

existing under the laws of the State of Delaware, maintaining an office at 3100 Sycamore Road,

H: 377260(833G011.DOC)

DeKalb, Illinois 60115, and that since December of 1998, DEKALB has been a wholly-owned subsidiary of Monsanto. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.      Defendant admits the allegations of Paragraph 4.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

## JURISDICTION AND VENUE

6.      Admitted that the Court has jurisdiction of the subject matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Defendant denies the remaining allegations contained in Paragraph 6.

7.      Defendant admits the allegations of Paragraph 7 as to Monsanto and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8.      Defendant admits that venue in this Court is not improper under 28 U.S.C. §§ 1391(c) and 1400(b), but alleges that the case should be transferred to the N.D. Ill. pursuant to 28 U.S.C. § 1404.

## COUNT I:   PATENT INFRINGEMENT

9.      Each of the above Paragraphs 1-8 is incorporated herein by reference.

10.     Defendant admits that U.S. Patent No. 5,990,387 ("the '387 Patent") is entitled "Stable Transformation of Plant Cells" and bears an issue date of November 23, 1999. Defendant is without sufficient knowledge information to form a belief as to the truth of the other allegations of Paragraph 10.

2

11.     Defendant is not infringing and has not infringed the '387 Patent, either directly or under the doctrine of equivalents or by inducing or contributing to its infringement by others. Defendant further denies the other allegations of Paragraph 11.

12.     Defendant denies the allegations of Paragraph 12.

13.     Defendant denies the allegations of Paragraph 13.

14.     Defendant denies the allegations of Paragraph 14.

## COUNT II:   DECLARATORY JUDGMENT

15.     Each of the above Paragraphs 1-14 is incorporated herein by reference.

16.     Defendant denies the allegations of Paragraph 16.

17.     Defendant denies the allegations of Paragraph 17.

18.     Defendant denies the allegations of Paragraph 18.

19.     Defendant denies the allegations of Paragraph 19.

20.     Defendant admits that Plaintiff seeks a declaration as set forth in Paragraph 20, but denies that there is any basis for granting such a declaration.

## AFFIRMATIVE DEFENSES TO MONSANTO'S CLAIM FOR RELIEF

21.     Each of Paragraphs 1-20 is incorporated herein by reference.

22.     The '387 Patent is invalid because it fails to satisfy (1) the requirements for patentability stated in 35 U.S.C. § 101 *et seq.*; (2) the conditions for patentability stated in 35 U.S.C. §§ 102 and 103; and (3) the requirements of 35 U.S.C. § 112.

23.     Defendant is not infringing and has not infringed the '387 Patent either directly or under the doctrine of equivalents or by inducing or contributing to its infringement by others.

H: 377260(833G011.DOC)

24.    Defendant is not willfully infringing and has not willfully infringed the '387 Patent.

25.    Upon information and belief, the '387 Patent is unenforceable due to Pioneer's willful violation of the provisions of 37 C.F.R. 1.56 in procuring said patent.

26.    Specifically, it is believed that Pioneer obtained the patent by willfully misleading the United States Patent Office ("U.S.P.T.O.") by failing to disclose information that Pioneer knew would be material to the U.S.P.T.O.'s decision to grant the '387 Patent.

27.    It is believed that the allegations of Paragraphs 25 and 26 will find evidentiary support after a reasonable opportunity for further investigation or discovery.

28.    Pioneer is estopped from asserting an interpretation of the '387 Patent claims that validly encompasses any Monsanto product or process, given positions taken in the U.S.P.T.O. by Pioneer during the prosecution of the '387 Patent.

29.    Pioneer's claims for relief are barred by the equitable doctrine of estoppel. It is believed that a reasonable opportunity for further investigation or discovery will provide evidentiary support for the allegations of this paragraph.

30.    Pioneer's claims for relief are barred by Pioneer's unclean hands. It is believed that a reasonable opportunity for further investigation or discovery will provide evidentiary support for the allegations of this paragraph.

31.    In a case currently pending in the United States District Court for the Eastern District of Missouri, Monsanto has asserted that a 1993 Agreement between Monsanto and Pioneer (the "1993 Agreement") has been terminated due to Pioneer's breach of that agreement. The 1993 Agreement is attached as Exhibit A. In that case, Pioneer maintains that the 1993 Agreement has not been terminated and that it is still in effect. If the United States District Court

H: 377260(833G011.DOC)

for the Eastern District of Missouri determines that the 1993 Agreement between Pioneer and

Monsanto is still in effect, Monsanto is licensed to the '387 patent under the 1993 Agreement.

Under the terms of Section 5.6 of the 1993 Agreement, Pioneer granted to Monsanto a royalty-

free license (Section 5.6(a)) and an option to a royalty-bearing license (Section 5.6(b)) including

a license "under any applicable proprietary rights of Pioneer (including, but not limited to, utility

patent rights)" to use certain genes, vectors, and corn seeds, including the genes, vectors and/or

corn seeds which appear to form the basis of Pioneer's complaint in this case. The rights granted

to Monsanto by Pioneer under the 1993 Agreement also include the right to grant sublicenses.

WHEREFORE, Defendant prays that the First Amended Complaint be dismissed at

Pioneer's cost and that Defendant be awarded its reasonable attorneys' fees, interest and costs,

and all other relief as the Court may deem just, equitable and proper.

Respectfully submitted,

March 23, 2000

Susan K. Knoll, Esq.
Michael E. Lee, Esq.
ARNOLD WHITE & DURKEE
750 Bering Drive
Houston, TX 77057

H. Richard Smith, Esq.
Richard G. Santi, Esq.
AHLERS, COONEY, DORWEILER,
HAYNIE, SMITH & ALLBEE, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231

ATTORNEYS FOR DEFENDANT
THE MONSANTO COMPLANY

H: 377260(833G01!.DOC)

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 23, 2000 a true and correct copy of the

foregoing MONSANTO'S ANSWER TO PIONEER'S FIRST AMENDED COMPLAINT

was served on the following via first class mail:

Edmund J. Sease
ZARLEY, McKEE, THOMTE, VOORHEES & SEASE
801 Grand Avenue, Suite 3200
DesMoines, Iowa  50309-2721

Sharon R. Barner
FOLEY & LARDNER
One IBM Plaza
330 North Wabash Avenue
Chicago, Illinois  60611

Ronald M. Wawrzyn
FOLEY & LARDER
777 East Wisconsin Avenue
Milwaukee, Wisconsin  53202

COUNSEL FOR PIONEER HI-BRED INTERNATIONAL, INC.

Dimitrios T. Drivas
John Willems
White & Case
1155 Avenue of the Americas
New York, NY 10036-2787

Richard J. Sapp
Nyemaster, Goode, Voigts, West, Hansell & O'Brien P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa  50309-3899

COUNSEL FOR NOVARTIS SEEDS, INC.

H: 377260(833G011.DOC)